UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LORENA VELASQUEZ, on behalf of my disabled kids, J.V., M.V.,

                                          Plaintiffs,

          -against-

SUFFOLK COUNTY POLICE (7TH PRECINCT) ET AL.,

                                    Defendants.
----------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

6/4/2020 8:50 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
20-CV-2188 (JMA) (AKT)

**AZRACK, United States District Judge:**

On May 11, 2020, pro se plaintiff Lorena Velasquez ("Plaintiff") filed her sixth complaint[1] in this Court pursuant to 42 U.S.C. §1983. (ECF No. 1.) Plaintiff did not pay the filing fee, nor did she file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated May 20, 2020, Plaintiff was instructed to either remit the filing fee or to complete and return the enclosed application to proceed in forma pauperis within fourteen (14) days. (ECF No. 5.) On May 26, 2020, Plaintiff timely filed an incomplete application to proceed in forma pauperis. In addition, on May 19, 2020, Plaintiff filed a letter motion seeking to have this case reassigned to a different district judge in the Brooklyn courthouse. (ECF No. 4.)

Plaintiff's sparse and incoherent complaint is against the Suffolk County Police (7th Precinct), Sgt. Kennanally, the "Internal Affair Beraue [sic] (IAB)," and the William Floyd School District Special Education (collectively, "Defendants"). For the reasons that follow, the application to proceed in forma pauperis is denied without prejudice with leave to renew upon

---

[1] Velazquez v. Social Security Admin., 19-CV-4655 (removal complaint dismissed for failure to prosecute); Velazquez v. Social Security Admin., 19-CV-4820 (removal complaint dismissed for failure to prosecute); Velazquez v. Suffolk Police et al., 19-CV-5368 (in forma pauperis complaint and amended complaints dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)); Velazquez v. Suffolk Cnty. Police, et al., 20-CV-00791 (dismissed for failure to prosecute); Velazquez v. William Floyd School Dist., et al., 20-CV-1329 (dismissed for failure to prosecute).

completion of the AO 239 in forma pauperis application ("Long Form").  Alternatively, Plaintiff may remit the $400.00 filing fee.  Plaintiff's motion for reassignment is denied.

Plaintiff has left blank the space on the in forma pauperis application that asks for her employer's name and address and has put "0" as her gross pay or wages received in the past twelve months.  (IFP App. ¶ 2.)  Plaintiff has checked the boxes on the form to indicate that she has not received any money from any source within the last twelve months.  (Id. ¶ 3.)  Plaintiff avers that she has $0 in cash or in a checking or savings account, and she reports no items of value, including jewelry, artwork, real estate, or automobiles other than a "2009 Honda Oddyssey [sic]."  (Id. ¶ 4.) Plaintiff reports no regular monthly expenses, including housing, transportation, and utilities (id. ¶ 6), and wrote "none" in response to the question asking for any debts or financial obligations and the amounts that are owed.  (Id. ¶ 8.)  In addition, Plaintiff left blank the space on the application that asks for the "names or initials of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support."  (Id. ¶ 7.)

Because the responses provided by Plaintiff on the in forma pauperis application raise more questions than they answer, and do not permit the Court to conclude that Plaintiff is qualified to proceed in forma pauperis, Plaintiff's application is denied without prejudice to a renewal thereof upon completion of the AO 239 in forma pauperis application form (Long Form) annexed to this Order.  Indeed, the caption of the complaint includes that this case is brought "on behalf of my disabled kids JV and MV," and Plaintiff alleges that one of her children is five years old.  (Compl., ¶ IV.)  In addition, although Plaintiff provides a residential address, she reports no monthly expenses associated therewith including rent or mortgage payments or utilities.  Plaintiff also includes a telephone number on her complaint, but does not report any monthly expenses associated therewith.

Under the circumstances, Plaintiff can best set forth her current financial position on the

long form in forma pauperis application (AO 239). Plaintiff is directed to either remit the $400.00 filing fee or complete and return the enclosed in forma pauperis application within thirty (30) days from the date of this Order. Plaintiff is cautioned that a failure to timely comply with this Order will lead to the dismissal of the complaint with prejudice and judgment will enter.

Given that Plaintiff has a history of filing complaints in this Court and then ignoring Court orders leading to the dismissal of her complaints for failure to prosecute, Plaintiff is warned that this complaint will be dismissed with prejudice if she does not timely comply, absent a showing of good cause. Further, Plaintiff is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of her claims. Therefore, Plaintiff is well-advised to review the Court's orders in her case assigned docket number 19-CV-5368 (JMA) (AKT), as well as Federal Rule of Civil Procedure 8.

Finally, insofar as Plaintiff seeks to have this case reassigned to another district judge at the Brooklyn courthouse due to her "lack of trust" in the undersigned, such application is denied. Plaintiff complains that the undersigned has dismissed her earlier claims and is apparently under the mistaken impression that her case would be assigned to a Brooklyn judge because she mailed this complaint to the Brooklyn courthouse.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order and the AO 239 in forma pauperis application form to Plaintiff at her last known address.

**SO ORDERED.**

Dated:      June 4, 2020
            Central Islip, New York

                                         /s/ (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE