UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   For Online Publication Only
LORENA VELASQUEZ, on behalf of my disabled
kids, J.V., M.V.,

                Plaintiffs,

    -against-

**ORDER**
20-CV-2188 (JMA) (AKT)

**FILED
CLERK**

8/12/2020 10:36 am

SUFFOLK COUNTY POLICE (7TH PRECINCT)
ET AL.,

                Defendants.
-------------------------------------------------------------------X

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On May 11, 2020, pro se plaintiff Lorena Velasquez ("plaintiff") filed her sixth complaint[1] in this Court pursuant to 42 U.S.C. §1983. (ECF No. 1.) Plaintiff did not pay the filing fee, nor did she file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated May 20, 2020, plaintiff was instructed to either remit the filing fee or to complete and return the enclosed application to proceed in forma pauperis within fourteen (14) days. (ECF No. 5.) On May 26, 2020, plaintiff timely filed an incomplete application to proceed in forma pauperis. In addition, on May 19, 2020 and June 3, 2020[2], plaintiff filed letter motions seeking to have this case reassigned to a different district judge in the Brooklyn courthouse. (ECF Nos. 4, 9, and 10.) By Order dated June 4, 2020, plaintiff's application to proceed in forma pauperis was denied without prejudice and with leave to renew upon completion of the AO 239 in forma pauperis application ("Long Form"). (See ECF No. 8.) The Order directed that plaintiff either remit the

---

[1] Velasquez v. Social Security Admin., 19-CV-4655 (removal complaint dismissed for failure to prosecute); Velasquez v. Social Security Admin., 19-CV-4820 (removal complaint dismissed for failure to prosecute); Velasquez v. Suffolk Police et al., 19-CV-5368 (in forma pauperis complaint and amended complaints dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)); Velasquez v. Suffolk Cnty. Police, et al., 20-CV-00791 (dismissed for failure to prosecute); Velasquez v. William Floyd School Dist., et al., 20-CV-1329 (dismissed for failure to prosecute).

[2] Plaintiff's June 3, 2020 letter motions were addressed to Chief Judge Roslynn Mauskopf. (See ECF No. 9-10.)

$400.00 filing fee or complete and return the enclosed Long Form application within thirty (30) days from the date of the June 4, 2020 Order (the "Order").  It also warned plaintiff that "a failure to timely comply with this Order will lead to the dismissal of the complaint with prejudice and judgment will enter."  (See Order at 3, ECF No. 8.)  In addition, plaintiff's May 19, 2020 motion for reassignment was denied.  (See Order at 2, ECF No. 8.)

Rather than file the Long Form application or remit the filing fee, by letter dated July 6, 2020, plaintiff wrote a letter to the Court asking for an update on the status of her case and on her motions to have this case reassigned.  (See ECF No. 12.)   To date, plaintiff has not paid the filing fee nor has she filed the Long Form application.  Accordingly, the complaint is dismissed with prejudice pursuant to the Court's June 4, 2020 Order.  (See ECF No. 8 at 3.)

In addition, as noted above, the present case is plaintiff's sixth in this Court since August 2019. (See supra n.1.)  Although plaintiff's first two cases were removed to this Court by the defendant, plaintiff's failure to participate in all of her cases is well documented.  A review of the dockets in each of her prior actions reflects that plaintiff repeatedly ignores the Court's orders, leading to the dismissal of her complaints.  See Velasquez v. Social Security Admin., 19-CV-4655 (removal complaint dismissed for failure to prosecute); Velasquez v. Social Security Admin., 19-CV-4820 (removal complaint dismissed for failure to prosecute); Velasquez v. Suffolk Police et al., 19-CV-5368 (in forma pauperis complaint and amended complaints dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)); Velasquez v. Suffolk Cnty. Police, et al., 20-CV-00791 (dismissed for failure to prosecute); and Velasquez v. William Floyd School Dist., et al., 20-CV-1329 (dismissed for failure to prosecute).

Every paper filed by plaintiff, "no matter how repetitious or frivolous, requires some portion of the [Court]'s limited resources.  A part of the Court's responsibility is to see that these

resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989). Indeed, the ability to litigate in forma pauperis is a privilege and may be denied if abused. In re Sindram, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system."). The Second Circuit has held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. See In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (internal citation and quotation marks omitted).

Although plaintiff has a history of filing frivolous complaints in this Court and then ignoring the Court's orders, the undersigned is hesitant to limit her access to the courthouse door. However, the assistance she needs and has sought is not to be found here and her abuse of judicial resources is clearly excessive. Accordingly, this order shall serve as a warning that the Court hopes will deter plaintiff from further frivolous filings. Should she persist in filing frivolous in forma pauperis complaints in this Court, she will be directed to show cause why an order barring the acceptance of any future in forma pauperis complaints for filing in the Court without first obtaining leave of Court should not be entered. See 28 U.S.C. § 1651.

Finally, insofar as plaintiff seeks to have this case reassigned to another district judge at the Brooklyn courthouse (see ECF Nos. 9 and 10), such applications are again denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Accordingly, the Clerk of Court is respectfully directed to enter judgment accordingly and close this case. The Clerk of Court shall mail a copy of this Order to the plaintiff at her last known address.

**SO ORDERED.**

Dated: August 12, 2020
        Central Islip, New York

                                         /s/ (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE